**IN THE UNITED STATES DISTR ICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                              |   |                              |
|------------------------------|---|------------------------------|
| IN RE:  REGINALD CUPID NOBLE | : |                              |
|                              | : |                              |
|                              | : |                              |
|                              | : | CIVL ACTION NO. 20-CV-5777   |
|                              | : |                              |
|                              | : |                              |

**MEMORANDUM OPINION**

GOLDBERG, J.                                                    DECEMBER 7, 2020

Plaintiff Reginald Cupid Noble, proceeding *pro se*, seeks leave to proceed *in forma pauperis*.  (ECF Nos. 1 and 2.)  For the following reasons, I will grant Noble leave to proceed *in forma pauperis*, dismiss his Complaint, and grant him leave to file an amended complaint.

I.      **FACTUAL ALLEGATIONS**[1]

Noble presents his claims in two parts, a "Complaint for Equitable Remedy," and a "Motion to Liquidate, and Dissolve."  (ECF No. 2 at 4-7.)[2]  The Complaint for Equitable Remedy states as follows:

Introduction

I indenture trustee/heir/beneficiary for the REGINALD CUPID NOBLE COMPANY As noted by Commonwealth of Pennsylvania Department of Revenue and dated October 12th 2017, document is DISSOLUTION Clearance Certificate, showing all matters with the commonwealth of Pennsylvania is closed

Brief in the complaint

On or about September 08th 1950 the company known as REGINALD CUPIC NOBLE created by the commonwealth of Pennsylvania WHY?, however making one, body mind & soul WARD OF THE (E)STATE of Pennsylvania.

---

[1]      The facts set forth in this Memorandum Opinion are taken from Noble's Complaint.

[2]      The Court adopts the pagination assigned by the CM-ECF docketing system.

Whereas on or about March 29, 2017, an Assessment of Value for REGINALD CUPID NOBLE using Social Security number XXX-XX-9852, and CAF no. 0308-29298R, as the variometer for completion of the Assessment issued by Department of the Treasury Internal Revenue Service Washington DC 20224 showing numerous transactions numbering about 29 evidence upon request, all of these transactions were never authorized by the living holder in due course (Grantor); and

Whereas, on or about 1979–95 after being 100% vested (S.E.P.T.A.) refuse to give the pension, now after numerous attempts one was never fired there was a letter of resignation give voluntarily they give me $310.00 dollars a one-time pay out in modern day they call that SLAVE LABOR I hope this honorable will look firmly at this issue as well, also the numerous about of credits establish with the United States Treasury via Internal Revenue Service see exhibit A; and

Caveat

Whereas these transactions on its face has created undue harm and injury to the beneficiary and family for a number of years, whereby the lack of consent, and being transparent and the ongoing trespassing against the ESTATE has overwhelming, and unconscionable also without restraint, one hope this Court will understand the Magnitude of this tragedy, and the affect it has on my family along with the projects designated for the community, the economic impact and hardship that also has had living in America nearly impossible, however this is home so the release of this ESTATE will be a welcome, of Satisfaction, and Accord; and

Conclusion

Reciprocity in the form of a ZERO BALANCE ACCOUNT along with a full forensic audit, any evidence can be provided upon request if needed. (This matter is to be Sealed forever)

(*Id.* at 4-5.)  The Motion to Liquidate, and Dissolve[3] states as follows:

Pursuant to Canon 1303, 1304.

I king reginald I Yahweh, as indenture trustee, move this honorable court for an emergency dissolution, to end this economic deprivation

---

[3]      On November 23, 2020, I issued an Order in which I liberally construed Noble's "Motion to Liquidate, and Dissolve" (ECF No. 4) as a motion for injunctive relief and denied his request for failure to plead the necessary requirements.  (Order, ECF No. 5.)

to the heirs/beneficiary who is in immediate need of food, transportation, sustainable health insurance, and housing, to finalize this matter, by cancelling all contracts, ordering a forensic audit, liquidate all assets (credit owed), and to provide a zero balance account, with debit card and checks in the name of Shield of Faith Embassy Trust 99-6093549, a humanitarian organization waiting to help others that are in need proceeds to be used also making improvements in the community, I want this entity dissolved from existence and use, and any further use of the ESTATE at will result in fines, penalty and interest of any further injuries to the heirs/beneficiaries, we want the Court if any other equitable relief deemed appropriate by this Honorable Court.  This matter is to be sealed.

Regarding the alleged TAX debt of $426,931.93 see enclosed documentation how can a individual owe such an enormous debt working a job and being a minister for humanitarian purposes, however in my private capacity the matter was satisfied, the payment has been accepted however the overpayment has not been returned, just to mention a scenario how can an ENTITY known as Internal Revenue Service a privately owned company with the DEPARTMENT OF THE TREASURY, TAKE UNLAWFULLY BILLIONS from the Estate (9852) and give back nothing in the real World that is called stealing, extortion, theft by deception, Fraud; and Further action that need to be taken S.E.P.T.A. not giving the pension which is owed and with their practiced of Human Trafficking, how many more people has this happen too, also one repairs to my home well over $100,000 dollars in work that need to be done, we have shortness food and transportation the suffering has become unbearable; and

Whereas, all the other credits/funds that has not satisfied, these entities along with others have put this Estate in total poverty, now is the time to make it RIGHT, LETS NOT forget the Company called GMEI with nearly 4000 foreign entities that have invested in the Institution known as COMPANY, REGINAL CUPID NOBLE.

Conclusion

Article 100 Canon 1303: Any Administrator or Executor that refuses to immediately dissolve a Cestui Que (Vie) Trust, upon a Person establishing their status and competency, is guilty of fraud and fundamental breach of their fiduciary duties requiring their immediate removal and punishment.
Canon 1304: Failure to provide a full accounting of the now former ESTATE of a dissolved Cestui Que (Vie) Trust, including the return

> of any remaining assets to the Beneficiary constitutes both theft and
> fraud by the Administrators and the Executors, this matter is to be
> sealed forever.

(*Id.* at 6-7.)

Noble references attachments to his pleading, but the only documents filed with the Complaint are an "Indemnity Bond of Petitioner" (*id.* at 10) and a Proof of Publication of Notice in the Legal Intelligencer (*id.* at 11), neither of which appears related to the issues raised in the Complaint. Noble does not provide any other information regarding the factual basis of the instant action or the legal basis of the claims asserted.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C.A. § 1915(a), a court may grant a motion for leave to proceed *in forma pauperis* where the litigant establishes that he "is unable to pay such fees or give security therefor." In reviewing such motions, the court must also screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* When litigants proceed *pro se*, the court must construe the litigant's allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis*, the court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for the court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3)

4

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Moreover, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.     DISCUSSION

I will grant Noble leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. I next proceed to screening his Complaint. Read liberally, Noble appears to assert that he has suffered financial hardship, which he attributes to the loss of a pension from SEPTA and a large federal tax assessment. However, the Complaint does

not identify any defendants whose conduct caused the alleged harm, or legal principles which might support these claims.  Further, the Complaint offers little in the way of facts.

I decline to further speculate as to the nature of Noble's claims.  In the absence of any identified defendants, any facts establishing this Court's jurisdiction, or any facts "ensur[ing] that the Court is sufficiently informed to determine the issue," the Complaint must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.  Because it cannot be stated with certainty that Noble cannot state a viable claim, I will grant him leave to file an amended complaint.

For purposes of amendment, the Court notes that, insofar as Noble seeks to assert a claim on behalf of an Estate, he may not do so.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).  Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court.  *See Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts.  *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008)

6

(holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

## IV.    CONCLUSION

For the foregoing reasons, I will grant Noble leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2(B)(ii), for failure to state a claim and for failure to comply with Rule 8.  Noble will be permitted to file an amended complaint to attempt to cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.