**IN THE UNITED STATES DISTR ICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| IN RE:  REGINALD CUPID NOBLE | : | |
| | : | |
| | : | CIVL ACTION NO. 20-CV-5777 |
| | : | |
| | : | |

**<u>MEMORANDUM</u>**

**Goldberg, J.**                                                               **January 27, 2021**

      Currently before the Court is an Amended Complaint filed by Plaintiff Reginald Cupid Noble, proceeding *pro se*.  (ECF No. 8.)  For the reasons set forth herein, Noble's claims will be dismissed with prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

      In his original Complaint, Noble, who refers to himself as "king reginald I Yahweh," presented cryptic claims about his social security number, a pension from SEPTA, and a tax lien. (ECF No. 2 at 4-7.)[2]  Additional allegations about trespass to an "estate" were nonsensical.  Noble referenced attachments to that pleading, but the only documents filed with the Complaint were an "Indemnity Bond of Petitioner" (*id.* at 10) and a Proof of Publication of Notice in the Legal Intelligencer (*id.* at 11), neither of which appeared related to the issues raised in the Complaint. Noble did not provide any other information as to the factual basis of the original Complaint, or the legal bases of the claims he attempted to assert therein.

---

[1]     The facts set forth in this Memorandum are taken from Noble's Complaint and his Amended Complaint.

[2]     The Court adopts the pagination assigned by the CM-ECF docketing system.

After granting Noble leave to proceed *in forma pauperis*, this Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and concluded that Noble had failed to adequately identify any Defendants whose conduct could have given rise to the damages alleged, had failed to adequately establish this Court's jurisdiction, and had failed to allege any facts "ensur[ing] that the Court is sufficiently informed to determine the issue."  Noble's Complaint was dismissed, but he was granted leave to file an amended complaint.  (ECF Nos. 6 and 7.)

Noble has filed an Amended Complaint, which states as follows:

> Demand though this honorable Court to issue Justice with the Established credits with a ZERO BALANCE account Credit, and DEBIT Card, and Check Book access to the accounts already on record hereto attached within seven days to serve the People/Plant. All Need help **NOW**.

(ECF No. 8 at 1.)  Attached to the Amended Complaint are a form of Order granting Noble relief, a Notary's Affidavit, instructions to the Clerk of Court to deposit a bond, a document purporting to be a bond issued by Noble & Noble Banking Trust, a private bank, in the amount of $500,000,000,000.00, a Certificate of Registration, and a Proof of Publication in The Legal Intelligencer.  (*Id.* at 2–8.)  None of these documents further elucidates or substantiates Noble's claims.

## II.     STANDARD OF REVIEW

Because Noble is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Noble is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for the Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.   DISCUSSION

Read liberally, Noble's original Complaint appeared to assert that he had suffered financial hardship, which he attributed to the loss of a pension from SEPTA and a large federal tax assessment.   However, the original Complaint did not identify any Defendants whose conduct resulted in the alleged harm, or legal principles which might have supported those claims (or any others Noble intended to assert).   Further, it offered little in the way of facts.   These deficiencies were described in the Court's Memorandum, (ECF No. 6, at 5–6) and Noble was granted leave to amend his Complaint to address them.   (ECF Nos. 6 and 7.)

Despite submitting a document that he captioned as an amended complaint, Noble has again failed to identify any Defendant, has not alleged any facts establishing this Court's jurisdiction over the matter, and has not alleged sufficient facts to put either the Court or any potential Defendants on notice as to the nature of the claims asserted.   The Court declines to further speculate as to the nature of Noble's claims.   In the absence of any identified Defendants, any facts establishing this Court's jurisdiction, or any facts "ensur[ing] that the Court is sufficiently informed to determine the issue," the Amended Complaint must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, Noble's Amended Complaint must be dismissed.   When a complaint is subject to dismissal, a district court must permit amendment unless it would be inequitable or futile to do so.   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).   For the reasons stated above, it would be futile to permit Noble to further amend his claims. He was already placed on notice of the defects in his original Complaint and was granted an

opportunity to cure those defects.  He was unable to do so, and further attempts would be futile, because he has failed to even try to do so.  Accordingly, Noble's Amended Complaint will be dismissed with prejudice.  An appropriate Order follows.